# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| MICHELLE POAGUE, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | 7:18-cv-00005-LSC |
| HUNTSVILLE WHOLESALE ) | |
| FURNITURE, d/b/a ASHLEY ) | |
| FURNITURE HOMESTORE and ) | |
| TAYLOR SWINNEY, ) | |
| Defendants. ) | |

## ORDER

For the reasons stated in the Memorandum of Opinion entered contemporaneously herewith,

Defendants' Motion for Summary Judgment (Doc. 124) is GRANTED IN PART and DENIED IN PART. The Court GRANTS summary judgment as to: (1) Bishop's disparate-treatment claim; (2) Acker's retaliation claim; (3) Acker, Bishop, and Poague's FLSA minimum-wage claims; (4) Bishop's assault-and-battery claim; (5) Acker, Bishop, and Poague's outrage claims; (6) Bishop's vicarious-liability claim against HWF stemming from her assault-and-battery and outrage claims; (7) Poague's vicarious-liability claim against HWF stemming from her outrage claim; (8) Bishop's claim for negligent and wanton hiring, training, and supervision against

HWF stemming from her assault-and-battery and outrage claims; and (9) Poague's claim for negligent and wanton hiring, training, and supervision against HWF stemming from her outrage claim. The following claims survive summary judgment: (1) Acker, Bishop, and Poague's hostile-work-environment claims; (2) Acker, Bishop, and Poague's constructive-discharge claims; (3) Poague's pregnancy-discrimination claim; (4) Acker and Poague's disparate-treatment claims; (5) Bishop and Poague's retaliation claims; (6) Poague's FMLA claims; (7) Poague's claim under 29 U.S.C. § 207; (8) Acker's assault-and-battery claim; (9) Acker's vicarious-liability claim against HWF stemming from her assault-and-battery claim; (10) Acker's claim for negligent and wanton hiring, training, and supervision against HWF stemming from her assault-and-battery claim.

Plaintiffs' Motion for Partial Summary Judgment (Doc. 120) is GRANTED IN PART and DENIED IN PART. The Court GRANTS summary judgment as to: (1) Defendants' breach-of-contract counterclaim against Acker to the extent it relies on Acker's FLSA claim; (2) HWF's unjust-enrichment counterclaim against Acker; (3) HWF's malicious-prosecution counterclaim against Acker; (4) HWF's failure-to-mitigate affirmative defense as applied to Acker and Bishop. All other counterclaims and affirmative defenses remain.

Defendants' First Motion to Strike (Doc. 149) is DENIED IN PART and TERMINATED AS MOOT IN PART. Defendants' Second Motion to Strike (Doc.

158) is TERMINATED AS MOOT. Finally, Defendant Swinney's Opposition to Evidence (Doc. 128) is TERMINATED AS MOOT.

**DONE** and **ORDERED** on October 29, 2020.

_____
L. Scott Coogler
United States District Judge

203323